**HARRIS COUNTY, TEXAS, Appellant,**

v.

**Juan Luis CABAZOS, Jr., Appellee.**

**No. 01–03–00772–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 20, 2005.

Edward J. Mahar, Assistant County Attorney, Houston, TX, for Appellant.

Richard M. Grimes and Julian J. Fertitta, III, Grimes & Fertitta, P.C., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

SHERRY RADACK, Chief Justice.

This is an accelerated appeal from the trial court's order, denying appellant, Harris County, its plea to the jurisdiction on the grounds of governmental immunity. Appellee, Juan Luis Cabazos, Jr., filed a negligence action against Harris County and Sheriff Deputy Matthew Haynes under the Texas Tort Claims Act for injuries appellee sustained from a gunshot fired by Haynes. On appeal, the issue is whether the trial court erred in denying appellant's plea to the jurisdiction. We reverse.

## BACKGROUND

On October 27, 2000, Harris County Sheriff Deputy Matthew Haynes saw appellee make an illegal turn and attempted to pull him over. Appellee failed to stop, and a short chase ensued with appellee driving at a high rate of speed through neighborhoods and a shopping mall area, where he struck a car before he missed a turn and crashed into a ditch. Haynes pulled up behind appellee's vehicle, got out of his patrol car, and walked toward the driver's side door of appellee's vehicle with his pistol drawn. Beverly Ewer, an eyewitness, testified under oath that Haynes, with both hands on the pistol, put his pistol in the driver's side window before shooting appellee.

Appellee subsequently pleaded guilty to evading arrest in a separate criminal action and then filed suit in federal court against Harris County and Haynes pursu-

ant to 42 United States Code section 1983, but that suit was remanded. *See* 42 U.S.C.A. § 1983. Appellee filed suit in state court, alleging that Harris County is liable for Haynes' actions under the doctrine of respondeat superior.[1] Moreover, appellee alleged that Harris County negligently implemented policies and procedures for the arrest of a suspect, and that Haynes negligently discharged his pistol to assault appellee and negligently effectuated appellee's arrest while acting in bad faith. Appellee argues that these actions preclude Harris County from entitlement to immunity. However, Haynes was never served with process and, therefore, is not a party to this suit.

On December 19, 2002, Harris County filed a plea to the jurisdiction. On June 30, 2003, the trial court signed an order denying Harris County's plea. This appeal followed.

### Discussion

In its sole issue presented, appellant challenges the trial court's denying its plea to the jurisdiction.

### Standard of Review

 A plea to the jurisdiction challenges the trial court's subject matter jurisdiction to hear the case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Id.* at 446; *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex.1967).

 The existence of subject-matter jurisdiction is a question of law. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). Therefore, we review de novo the trial court's ruling on a plea to the jurisdiction. *Id.* In deciding a plea to the jurisdiction, a court may not consider the merits of the case, but only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002).

### Immunity

 Under the doctrine of sovereign immunity, a governmental entity cannot be held liable for the actions of its employees unless there is a constitutional or statutory provision waiving such immunity. *See City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex.1998). Sovereign immunity can be waived only through the use of clear and unambiguous language. *County of Cameron*, 80 S.W.3d at 554; *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex.1994); *City of Houston v. Rushing*, 7 S.W.3d 909, 914 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). The Texas Legislature enacted the Texas Tort Claims Act ("TTCA") to waive sovereign immunity in certain limited circumstances. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998). The TTCA provides as follows

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negli-

---

1. Appellee's subsequent state suit contained substantially the same claims as the federal suit.

gence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). A county, such as Harris County, as a political subdivision of the State, falls within the parameters of the TTCA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(B) (Vernon Supp.2004–2005).

 For a governmental entity such as Harris County to be held liable for the acts of its employee under the TTCA, (1) the claim must arise under one of the three specific areas of liability listed in section 101.021 (property damage, personal injury, and death); and (2) the claim must not fall within an exception to the waiver of sovereign immunity. *See Scott v. Prairie View A & M Univ.*, 7 S.W.3d 717, 719 (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex.App.-Houston [1st Dist.] 1995, no writ). The applicable exceptions to the waiver of sovereign immunity are found in section 101.057 of the Texas Civil Practice and Remedies Code, which provides

This chapter [waiving sovereign immunity] does not apply to a claim:

(1) based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion; or

(2) arising out of assault, battery, false imprisonment, or *any other intentional tort*, including a tort involving disciplinary action by school authorities.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997) (emphasis added). Thus, a governmental entity does not waive its sovereign immunity to a party's claim for personal injury or death if that claim arises out of an intentional tort. *See Morgan v. City of Alvin*, No. 01–02–01212–CV, 2004 WL 2005968, at * 5 (Tex.App.-Houston [1st Dist.] Sept. 9, 2004, no pet.); *Scott v. Prairie View A & M Univ.*, 7 S.W.3d 717, 719 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). Although a governmental unit is immune from claims arising out of intentional torts, an injured party may still pursue a separate negligence claim arising out of the same facts. *Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex.1990) ("Although a governmental unit is immune from claims arising out of intentional torts, petitioners' negligent employment and entrustment claims arise out of the alleged negligence of the city employees supervising the officer, not out of the officer's intentional tort.") (citations omitted). However, the intentional tort exception cannot be circumvented merely by alleging that the governmental unity was negligent in supervising the employee-tortfeasor. *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 60 (Tex.1992).

**Parties' Contentions**

 In his pleadings, appellee alleged that the court has jurisdiction over these claims under the TTCA because (1) the TTCA waives governmental immunity for personal injury caused by a state employee's negligent use of governmental property;

(2) Deputy Haynes is not entitled to official immunity for his bad faith acts of negligence, and (3) Harris County is lia-

ble for Haynes' actions under the doctrine of respondeat superior and appellee alleges that Harris County is liable for negligent supervision of Haynes. Employees of governmental units are entitled to official immunity solely for actions or omissions arising out of the performance of discretionary duties, in good faith, and when the employee is acting within the scope of his or her authority. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994). Although appellee concedes that Haynes was performing a discretionary duty for Harris County, appellee contends Haynes acted in bad faith when he negligently discharged his pistol and negligently effectuated the arrest of appellee, and, therefore, Haynes is not entitled to official immunity; since Haynes has no official immunity, Harris County is liable for his negligent actions under the doctrine of respondeat superior. Moreover, appellee alleged that Harris County acted negligently in implementing its policies and procedures by failing to adequately train and supervise Haynes, whose negligence was a proximate cause of appellee's injuries. Finally, appellee argues that Harris County is not protected by the exception to the waiver of sovereign immunity under TTCA for intentional torts. Rather, Haynes negligently shot appellee; he negligently used his pistol; he failed to properly use his patrol car to box in appellee, and he negligently endangered appellee and those people in the vicinity.

In its plea to the jurisdiction, Harris County alleges, first, that appellants failed to circumvent the intentional tort exclusion of the TTCA, section 101.057(2). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997). Because claims arising out of intentional torts committed by government employees are barred as a matter of law, Harris County contends that it is immune from appellee's claims, which allege what are actually intentional tort claims despite appellee's efforts to mask the claims in terms of negligence.[2] Harris County further alleged that appellee cannot circumvent the intentional tort exclusion by alleging that the governmental unit, Harris County, was negligent in supervising the employee-tortfeasor, Haynes. *See Delaney,* 835 S.W.2d at 60. Citing *Texas Department of Public Safety v. Petta,* 44 S.W.3d 575, 580 (Tex.2001), Harris County argues that its sovereign immunity was not waived by appellee's claim that Haynes negligently ignored police procedure and policies in his pursuit of appellee or his shooting of appellee because such acts are intentional acts.[3] Finally, Harris County alleged that even if appellee's claims are not for intentional torts, his claims are barred because his injuries were not caused by "a condition or use of tangible personal or real property." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). Rather, Harris County argues

**2.** In its plea to the jurisdiction, Harris County states, "The Plaintiff's claims are actually intentional tort claims barred by the Texas Tort Claims Act and/or an attempt to circumvent the Texas Tort Claim Act by pleading intentional tort actions performed negligently."

**3.** In *Petta,* the Texas Supreme Court stated:
We have also said, however, that the Tort Claims Act waives sovereign immunity from suit for claims that an officer negligently carried out governmental policy. But Petta does not allege facts demonstrating that Rivera negligently implemented policy. To support her negligence claim, Petta alleges that Rivera negligently ignored police procedure by continuing the pursuit, and that Rivera negligently ignored an order not to shoot at her car. But these too are intentional rather than negligent acts, and thus do not fall within the waiver of sovereign immunity.
44 S.W.3d at 580.

that the pistol used by Haynes was used in furtherance of his tortious acts as alleged by appellee and did no more than furnish a condition that made the injury possible. *See City of Laredo v. Nuno,* 94 S.W.3d 786, 790 (Tex.App.-San Antonio 2002, no pet.) (citing *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339 (Tex.1988)).

Therefore, the first question for this Court is whether appellee's injuries were proximately caused by Haynes' intentional tort or by his negligence.

**Intentional Tort Exclusion**

■■■ While the TTCA waives the sovereign immunity of a governmental entity for personal injury and death arising out of the use of tangible personal property, it specifically excludes waiver of immunity for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort." *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021(2), 101.057(2). Here, Harris County claims that it has immunity because Haynes' actions were intentional and appellee has failed to circumvent the intentional tort exclusion. Appellee, on the other hand, contends that the intentional tort exception does not apply because appellant's injuries were proximately caused by Haynes' negligent performance of his official duties. Citing *Delaney,* 835 S.W.2d at 60, appellee claims that the intentional tort exception of TTCA cannot be read so broadly as to except from the waiver of immunity any claim for injuries resulting from an intentional tort when negligent and intentional acts both contribute to the occasion of injury.

In *Delaney,* the Texas Supreme Court held that a negligence action by a rape victim against a public university was not barred by sovereign immunity where the plaintiff's cause of action was based on the university's alleged failure to provide her a secure residence and to fix a broken lock.

*Id.* The supreme court noted that section 101.057(2) of the TTCA precludes the extension of the TTCA's waiver of immunity to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *Id.* at 59. However, it stated that the phrase "arising out of" in section 101.057(2) requires a certain nexus for the provision to apply; that nexus is between the claim and an intentional tort, and the intentional tortfeasor must be the governmental employee whose conduct is the subject of complaint. *Id.* In that case, the intentional tortfeasor, the rapist, was not the governmental employee whose conduct was the subject of Delaney's claims against the university. Distinct negligence claims that focus on the actions of the governmental defendant are not barred. *Id.*

■■■ Here, the gravamen of appellee's claim is that a Harris County sheriff wrongfully shot appellee. Thus, in contrast to *Delaney,* the tortfeasor is the governmental employee whose conduct is the subject of the complaint, thereby satisfying section 101.057(2)'s requirement of a nexus between appellee's claims against Harris County and the intentional tort. If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA. *See Petta,* 44 S.W.3d at 580; *Nuno,* 94 S.W.3d at 789; *Tarrant County Hosp. Dist. v. Henry,* 52 S.W.3d 434, 450 (Tex.App.-Fort Worth 2001, no pet.); *Medrano v. City of Pearsall,* 989 S.W.2d 141, 144 (Tex.App.-San Antonio 1999, no pet.). A plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence. *See Huong v. City of Port Arthur,* 961 F.Supp. 1003, 1008–09 (E.D.Tex.1997) (plaintiffs cannot circumvent intentional tort exception to waiver of liability by simply pleading negligence when shooting event upon which they base

their claims is actually intentional tort); *Petta*, 44 S.W.3d at 580 (plaintiff's claim that officer was negligent in ignoring police procedure did not obviate fact that conduct was intentional; conduct complained of—officers hitting car window, aiming gun, blocking car in with police cruiser, and firing at car's tires—was clearly intentional; despite plaintiff's claim that injuries were proximately caused by officer's and department's negligence, plaintiff's allegations fit squarely within section 101.057's exclusion); *Nuno*, 94 S.W.3d at 788 (despite plaintiff's efforts to phrase claims in terms of officer's negligent failure to properly place plaintiff in police vehicle and negligent indifference of other officers and city, focus of plaintiff's claims against city was officer's intentional tortious acts of using excessive force to arrest plaintiff and to illegally seize car, and was barred); *Medrano*, 989 S.W.2d at 144 (where focus of claim was on officers' alleged violent and negligent beating of handcuffed driver, intentional tort exception could not be circumvented merely by alleging negligent hiring, negligent training, and negligent failure to train).

In this case, appellee alleged in his petition that Haynes was negligent in discharging his pistol and in effectuating appellee's arrest, thus injuring appellee. Appellee also alleged that Harris County was negligent through implementation of its policies and procedures by failing to train and supervise Haynes and through the doctrine of respondeat superior.[4] However, despite appellee's efforts to phrase his claims in terms of negligence, his focus is on the shooting of appellee. Appellee is attempting to circumvent the intentional tort exception in the manner expressly disapproved by the Texas Supreme Court in *Delaney*. *See* 835 S.W.2d at 60 ("[T]he intentional tort exception could not be circumvented merely by alleging that the government was negligent in supervising the employee-tortfeasor...."); *Medrano v. City of Pearsall*, 989 S.W.2d 141, 144 (Tex.App.-San Antonio 1999, no pet.) (although plaintiffs' alleging negligent hiring, negligent training, and negligent failure to train claims against officer who used flashlight to beat a handcuffed suspect, court found officer acted intentionally and held plaintiffs' could not circumvent the intentional tort exception by mere allegations of negligence against the City).

Despite Haynes's alleged negligence in shooting appellee, the pleadings and other evidence pertinent to determining jurisdiction demonstrate that Haynes intended to shoot appellee. In his petition, appellee pled, "The Plaintiff's vehicle was stopped in a ditch, at which point Haynes exited his patrol car, drew his pistol and walked directly to the driver's side door of the vehicle occupied by the Plaintiff and shot the Plaintiff in the neck." Thus, on appellee's own recounting, Haynes moved toward appellee's vehicle after it had crashed into

---

4. A similar argument was rejected by the Texas Supreme Court in *Petta*:

 To support her negligence claim, Petta alleges that Rivera negligently ignored police procedure by continuing the pursuit, and that Rivera negligently ignored an order not to shoot at her car. But these too are intentional rather than negligent acts, and thus do not fall within the waiver of sovereign immunity.

 44 S.W.3d at 580. The court recognized its holding in *Young* that a claim for negligent supervision or training such as that alleged here, was a distinct cause of action; but it held that a governmental entity's negligence in failing "to furnish the proper training, instruction, training manuals, and documents" was negligent failure to furnish information for which immunity was not waived by the TTCA. *Id.* at 580–81 (citing *Young v. City of Dimmitt*, 787 S.W.2d 50 (Tex.1990)).

the ditch, he pulled his pistol as he approached appellee's vehicle, and Haynes aimed it at appellee before shooting him. Although appellee also pled, "Haynes contends that Plaintiff was attempting to back over him with his car, that he fired a shot to stop the reverse motion of the car," eyewitness Beverly Ewer testified at her deposition, under oath, that Haynes "took aim because he had both hands on the gun and [his hands] went into the car." Ewer further implied that Haynes's acts were intentional when she denied that Haynes was merely "standing on the road and firing a shot in the general direction of Mr. Cabazos's car." Thus, both the pleadings and the evidence relevant to the jurisdictional issue raised demonstrate that Haynes's acts were intentional torts intended to cause injury to appellee, not acts of negligence.[5] The injuries alleged by appellee arose out of Haynes's intentional acts, and not from a distinct act of negligence by Harris County. The use of Haynes's pistol, as a consequence of his intentional tort, cannot be attributed to Harris County as negligence. Because Haynes's actions were *intentional* rather than negligent, they do not fall within the waiver of sovereign immunity.

Appellee does not allege an accidental shooting, such as the inadvertent discharge of the pistol; nor does the pleading and evidence indicate that the shooting of appellee was anything but intentional. Thus, as in most cases, the intent to injure can be inferred from the actor's conduct. Although Haynes may not have intended his initial action, he did intend the ultimate injury-shooting appellee. *See Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985) (difference between negligence cause of action and intentional tort is not wheth-

er defendant intended the acts, but whether defendant intended resulting injury). Because the focus of appellee's claims is on Haynes's intentional tortious conduct, Harris County's immunity is not waived. *See Nuno*, 94 S.W.3d at 789; *Medrano*, 989 S.W.2d at 141.

After looking to the jurisdictional evidence and allegations, taking them as true, and construing them in favor of the appellee, we conclude that appellee's petition does not present a claim for which immunity is waived by the TTCA. Therefore, the trial court erred in denying Harris County's plea to the jurisdiction. We sustain appellant's sole issue.

Because we conclude that Harris County has sovereign immunity under the intentional tort provision of the TTCA, section 101.057, we do not discuss appellee's additional claims.

## CONCLUSION

We reverse the judgment of the trial court and render judgment granting Harris County's plea to the jurisdiction.

---

5. *See Durbin v. City of Winnsboro*, 135 S.W.3d 317, 324 (Tex.App.-Texarkana 2004, pet. denied) (fundamental difference between negli-

gence cause of action and intentional tort is whether defendant intended resulting injury).