

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00291-CV

**BERNICE M. DEROUEN,**

**Appellant**

**v.**

**THE FALLS COUNTY SHERIFF DEPARTMENT,
AND RICKY SCAMAN, DEPUTY SHERIFF, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITIES,**

**Appellees**

**From the 82nd District Court
Falls County, Texas
Trial Court No. 36,364**

### MEMORANDUM OPINION

Bernice M. DeRouen sued the Falls County Sheriff's Department and Deputy Sheriff Ricky Scaman, in his individual and official capacities, under 42 U.S.C. § 1983, for false imprisonment, and for negligence, alleging injuries caused when she was handcuffed, arrested, and transported to jail. The County filed a plea to the jurisdiction and a no-evidence motion for summary judgment, which the trial court granted.[1]

---

[1] The trial court also granted Scaman's motion to dismiss filed in his individual capacity.

DeRouen challenged this ruling.  We reversed in part, holding that the trial court possessed subject matter jurisdiction over DeRouen's claim for negligent use of tangible personal property, *i.e.*, handcuffs.  *See DeRouen v. Falls County Sheriff's Dep't*, No. 10-07-00258-CV, 2008 Tex. App. LEXIS 5479, at *6-8, 10 (Tex. App.—Waco July 23, 2008, no pet.) (mem. op.).  On remand, DeRouen filed a first amended petition.  The County filed a traditional and no-evidence motion for summary judgment challenging DeRouen's negligence claim, which the trial court granted.  DeRouen challenges the trial court's ruling on the County's motion.

## TRADITIONAL MOTION FOR SUMMARY JUDGMENT

We review a trial court's traditional summary judgment de novo.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  In reviewing a summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented.  *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822-24 (Tex. 2005)).  We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion.  *See Goodyear Tire*, 236 S.W.3d at 756 (citing *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *Spates*, 186 S.W.3d at 568).

In its traditional motion, the County argued that DeRouen's negligence claim arises out of an intentional tort and is barred by the Tort Claims Act.

In her amended petition, DeRouen alleges that she was handcuffed in a "negligent manner" and suffered injury to her "neck, arms, and hands as a result of the negligent condition use [sic], misuse of tangible property." In her deposition, DeRouen testified that the handcuffs "must have been too tight." She testified that officers acted maliciously, intended to harm her, and "wanted to teach me a lesson." She testified that the handcuffs were negligently applied because she "ended up being hurt."

The Tort Claims Act bars claims "arising out of assault, battery, false imprisonment, or any other intentional tort…" TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 2005); *see also State Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). "If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA." *City of Waco v. Williams*, 209 S.W.3d 216, 222 (Tex. App.—Waco 2006, pet. denied) (quoting *Harris County v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). "A plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence." *Id*.

DeRouen alleges no facts to support her claim that officers negligently applied the handcuffs. Based on her deposition testimony, the specific conduct of which she complains, *i.e.*, applying the handcuffs too tight with intent to hurt or teach her a lesson, is intentional. *See Petta*, 44 S.W.3d at 580; *see also Williams*, 209 S.W.3d at 223; *Cameron County v. Ortega*, 291 S.W.3d 495, 499 (Tex. App.—Corpus Christi 2009, no pet.); *City of Garland v. Rivera*, 146 S.W.3d 334, 338 (Tex. App.—Dallas 2004, no pet.); *City of Laredo v. Nuno*, 94 S.W.3d 786, 789 (Tex. App.—San Antonio 2002, no pet.); *San Antonio v. Dunn*,

796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ denied). We conclude that DeRouen is attempting to circumvent the intentional tort exception by merely alleging negligence. The trial court properly granted the County's traditional motion for summary judgment.

Given our disposition regarding the County's traditional motion for summary judgment, we need not address the trial court's granting of the County's no-evidence motion. *See* TEX. R. APP. P. 47.1. We affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
[CV06]