**Reversed and Remanded and Opinion filed August 13, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00011-CV

---

### KERRY A. KILBURN AND CYNTHIA H. KILBURN, Appellants,

### V.

### FORT BEND COUNTY DRAINAGE DISTRICT, Appellee.

---

**On Appeal from the County Court at Law No. 1**
**Fort Bend County**
**Trial Court Cause No. 11-CCV-044047**

---

### O P I N I O N

Appellants Kerry and Cynthia Kilburn appeal the trial court's order granting appellee Fort Bend County Drainage District's ("the County") plea to the jurisdiction as to the Kilburns' negligence claim. We reverse and remand.

I

The Kilburns own a ten-acre tract of land adjacent to a creek in Fort Bend

County. Between December of 2008 and January 2009, the County undertook excavation operations to remove debris from the creek and grade its banks. Some of this work took place on the Kilburns' property, on which the County's records erroneously indicated it had an easement. By the time the County discovered the error in its records, the excavation work was substantially complete. According to the Kilburns, the County's work damaged the creek and the surrounding property both aesthetically and functionally.

The Kilburns sued the County, alleging causes of action for trespass and for unconstitutional takings. *See* Tex. Const. art. I, § 17. In their amended petition, the Kilburns omitted their trespass claim but included a cause of action for negligence. The County filed a plea to the jurisdiction as to the negligence claim, arguing the Kilburns were attempting to frame what was actually a trespass claim as negligence in an effort to avoid the County's sovereign immunity. The trial court granted the plea to the jurisdiction and dismissed the Kilburns' negligence claim with prejudice. On appeal, the Kilburns argue (1) their amended petition asserted a negligence claim, not a trespass claim; and (2) the negligence claim falls within section 101.021(1) of the Texas Tort Claims Act ("the Act"), which waives immunity for property damage that is proximately caused by a government employee's negligence if the damage arises from the operation or use of motor-driven equipment. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1).

II

A plea to the jurisdiction is a dilatory plea, the purpose of which is generally to defeat an action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Sw. Bell Tel., L.P. v. Harris Cnty.*, 267 S.W.3d 490, 494 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Typically, the plea challenges whether the nonmovant has alleged facts that

affirmatively demonstrate the court's jurisdiction to hear the case. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). In that situation, we construe the pleadings liberally in favor of the plaintiffs and look to their intent. *Tex. Dep't of Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction is a question of law reviewed de novo. *Id.*

A plea to the jurisdiction can also properly challenge the existence of those very jurisdictional facts. *Mission Consol.*, 372 S.W.3d at 635. When jurisdictional facts are challenged, the courts consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 554. As with summary judgment, the court takes as true all evidence favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

Under the doctrine of sovereign immunity, a governmental entity cannot be held liable for the actions of its employees unless there is a constitutional or statutory provision waiving that immunity. *See Univ. of Tex. Med. Branch of Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994). Sovereign immunity can be waived only through the use of clear and unambiguous language. *Tooke v. City of Mexia*, 197 S.W.3d 325, 328–29 (Tex. 2006). The Texas legislature enacted the Act to waive sovereign immunity in certain limited circumstances. *See Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341–42

3

(Tex. 1998). Section 101.021 of the Act provides:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code § 101.021. It is undisputed that the County, as a department of the state, falls within the parameters of the Act. *See* Tex. Civ. Prac. & Rem. Code § 101.001(3)(A). It is also undisputed that the conduct at issue was done by one or more governmental employees acting within the scope of their employment.

For a governmental entity such as the County to be held liable for the acts of its employee under the Act, the claim must arise under one of the three specific areas of liability listed in section 101.021 (property damage, personal injury, and death), and it must not fall within an exception to the waiver of sovereign immunity. *Harris Cnty. v. Cabazos*, 177 S.W.3d 105, 109 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Although a governmental unit is immune from claims arising out of intentional torts, an injured party may still pursue a separate negligence claim arising out of the same facts. *Holder v. Mellon Mortg. Co.*, 954 S.W.2d 786, 805 (Tex. App.—Houston [14th Dist.] 1997), *rev'd on other grounds*, 5 S.W.3d 654 (Tex. 1999)[1]; *see* Tex. Civ. Prac. & Rem. Code § 101.057(2)

---

[1] The issue of governmental immunity was not appealed to the supreme court.

4

(excluding claims "arising out of assault, battery, false imprisonment, or any other intentional tort" from waiver of immunity). Nevertheless, plaintiffs cannot circumvent the intentional-tort exception by framing their claims in terms of negligence. *See Cabazos*, 177 S.W.3d at 109 (citing *Huong v. City of Port Arthur*, 961 F. Supp. 1003, 1008–09 (E.D. Tex. 1997)); *see also Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) ("To support her negligence claim, Petta alleges that Rivera negligently ignored police procedure by continuing the pursuit, and that Rivera negligently ignored an order not to shoot at her car. But these [] are intentional rather than negligent acts, and thus do not fall within the waiver of sovereign immunity.").

## III

In their first issue, the Kilburns argue that the trial court erred because their negligence claim is, in fact, a claim for negligence rather than for trespass. The County maintains its position that the Kilburns are merely trying to disguise their trespass claim as negligence in an effort to circumvent the County's sovereign immunity. We agree with the Kilburns.

## A

In their amended petition, the Kilburns asserted, "Upon information and belief, prior to performing the excavation work described here, the County did not conduct any formal studies, or otherwise attempt to make a formal assessment, of the extent to which [the creek] was undergoing erosion (if it was undergoing erosion at all)." They further alleged, "Upon information and belief, the County did not prepare or have access to written plans or drawings for the excavation work it performed on the Kilburns['] property. Instead, it attempted to perform the excavation work without first preparing the necessary plans or conducting the requisite engineering assessments." In the negligence section of their petition, the

5

Kilburns asserted that the excavation work was done by County employees acting within the course of their employment, that "[t]he County and its employees who planned and performed this excavation work on the [c]reek's banks and bottoms were bound by a duty to exercise reasonable care in doing so," and that the employees "breached this duty by failing to plan or perform the excavation work with reasonable care." The petition then provides:

> As a proximate result of this breach of duty by the County and its employees, the Kilburns suffered damages to their property arising out of the use by the County and its employees of motor-driven equipment and/or motor-driven vehicles. Such damages includes but is not limited to: (a) the diminution or, at times, the altogether elimination of the flow and volume of water running through the [c]reek; (b) the loss of use of the [c]reek's banks for grazing and recreational purposes; (c) a diminution in the value of that portion of the [p]roperty upon which the County and its employees directly worked; (d) a diminution in the value of the remainder of the Kilburns' [p]roperty; and (e) a change in the location of the [c]reek and thus the elimination of the [p]roperty's definitive western borderline.

Finally, the Kilburns asserted that the "County employees who performed the excavation work on the [c]reek would be personally liable to the Kilburns for these damages under Texas law."

B

The fundamental difference between negligence and an intentional tort is the specific intent to inflict injury. *See Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985); *Cabazos*, 117 S.W.3d at 113. The gist of a claim for trespass to realty is the injury to the right of possession. *Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 9 (Tex. 2008) (citing *Pentagon Enters. v. Sw. Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.)). It is an intentional tort in the sense that "it involves the intent to commit an

act that violates a property right, or would be practically certain to have that effect, although the actor may not know the act he intends to commit is such a violation." *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 298 S.W.3d 436, 447 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In this case, the conduct of which the Kilburns primarily complain is not the County employees' act of entering the property, and the harm is not violation of their property rights. In fact, the alleged damages are not even limited to the portion of the property on which the County trespassed. As the Kilburns explained in their response to the County's plea to the jurisdiction, their amended petition "alleges the County acted intentionally in performing the excavation work. But that is not the same as saying the County specifically intended to cause the damage that resulted from its excavation work." Construing the petition liberally in favor of the Kilburns' and looking to their intent, we conclude that the gist of their complaint is that the County employees negligently performed excavation work in such a way as to cause physical damage to the Kilburns' property. *See Miranda*, 133 S.W.3d at 228.

C

In its plea to the jurisdiction, the County emphasized that the Kilburns' negligence claim "is based on the same operative facts" as the trespass claim asserted in their original petition. This argument is not persuasive, however, because a plaintiff's negligence claim against a governmental unit may arise out of the same facts that would also give rise to an intentional-tort claim absent the governmental unit's sovereign immunity. *See Holder*, 954 S.W.2d at 805.

The County similarly argued that the Kilburns specifically pleaded that the County performed the work on their property intentionally, pointing to the

7

following two statements from the amended petition: (1) "The County's entry upon the Kilburns' property, its excavation work on the [c]reek's bottom and banks, and its removal of soil from the Kilburns' property were intentional acts," and (2) "The County's establishment of a drainage easement on the Kilburns' [p]roperty is an intentional act." The quoted statements are in the section dedicated to the Kilburns' takings claim. With respect to the first statement, we have already explained that the fact that the employees intentionally entered the property and undertook the excavation work does not, standing alone, transform the Kilburns' negligence claim into a trespass claim; the dispositive inquiry is whether the employees intended the specific damages they caused. *See Reed Tool Co.*, 689 S.W.2d at 406.[2] In the second statement, the Kilburns were referring to the drainage easement that the County is attempting to establish through a cross-claim in the underlying litigation, which the Kilburns argue constitutes an unconstitutional taking; that statement is irrelevant to their negligence claim.

Accordingly, construing the Kilburns' amended petition liberally in their favor and looking to their intent, we conclude that the Kilburns alleged a negligence claim, not a trespass claim, and we sustain their first issue. *See Miranda*, 133 S.W.3d at 226.

IV

---

[2] For the first time on appeal, the County urges this court to view the Kilburns' original petition as an "admission against interests" under rule 801(e)(2)(A) of the Texas Rules of Evidence because in the original petition, the Kilburns alleged that the County intentionally trespassed and entered the property, causing intentional destruction and damage. But because the County did not make this argument in the trial court, it is beyond the scope of our review on appeal. *City of Mont Belvieu v. Enter. Prods. Operating, LP*, 222 S.W.3d 515, 519 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Moreover, even if the County had presented this issue to the trial court, it would fail. As the case cited by the County explains, "[s]tatements in a superseded pleading cannot be considered judicial admissions and must be introduced into evidence as any other admission before it can be considered as evidence." *Huff v. Harrell*, 941 S.W.2d 230, 239 (Tex. App.—Corpus Christi 1996, writ denied).

In their second issue, the Kilburns argue the trial court erred because their negligence claim falls within section 101.021(1) of the Act, which waives sovereign immunity for property damage caused by a government employee's negligence if the damage arises from the use or operation of a motor-driven vehicle or motor-driven equipment. *See* Tex. Civ. Prac. & Rem. Code 101.021(1). We agree.

In their amended petition, the Kilburns alleged the negligent conduct of the County's employees caused damages to the Kilburns' property, that the negligent conduct was done in the course of employment, that the property damage arose from employees' use or operation of motor-driven equipment, and that the employees would be personally liable to the Kilburns for the damages. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1). The alleged facts, if true, are sufficient to waive the County's immunity.

In its plea to the jurisdiction, the County argued the Kilburns failed to allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction because "there are no facts pled describing what or how a duty was breached, nor are there facts alleging or describing what negligent act caused property damages, and why the employee operating or using the motor-driven equipment would be personally liable" to the Kilburns. But the County's argument demands more of a pleading than the Texas Rules of Civil Procedure, which require that the original pleading give a short statement of the cause of action sufficient to give the opposing party fair notice of the claim involved. *See* Tex. R. Civ. P. 45, 47; *Miranda*, 133 S.W.3d at 230. Plaintiffs are not required to set out in their pleadings the evidence upon which they rely to establish their asserted cause of action. *Miranda*, 133 S.W.3d at 230. Additionally, contrary to the County's argument, the Kilburns pleaded additional facts to support their allegations that the County's employees had a duty

9

to exercise reasonable care and breached that duty by failing to do so. They specifically incorporated the earlier portions of their amended petition into their negligence section, and they had previously asserted that the County employees "attempted to perform the excavation work without first preparing the necessary plans or conducting the requisite engineering assessments." We therefore conclude that the factual allegations in the Kilburns' amended petition were sufficient to demonstrate the trial court's jurisdiction and to give the County fair notice of the claim involved. *See id.*

The County also alleged that section 101.021(1) does not apply because "[t]here was nothing negligent about the operation or use of the motor-driven equipment in this case. [The County's] employee intended to enter onto and operate the equipment on [the Kilburns'] property in and adjacent to the creek." But as explained above, the Kilburns did allege in their amended petition that the employees were negligent in their use and operation of motor-driven equipment, the specific injury of which the Kilburns complain is the physical damage to the property rather than the violation of their property rights, and the fundamental distinction between negligence and an intentional tort is whether the defendant intended the specific injury, not whether the defendant intended the act. *See Reed Tool Co.*, 689 S.W.2d at 406. Moreover, section 101.021(1) "does not require that, for the County's immunity to be waived, the motor-driven equipment must be used for something other than its intended purpose." *Freeman v. Harris Cnty.*, 183 S.W.3d 885, 889 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see City of El Paso v. W.E.B. Invs.*, 950 S.W.2d 166, 170 (Tex. App.—El Paso 1997, pet. denied) (concluding that the negligence need not "be perpetrated in the actual physical control of the motor-driven equipment for waiver to occur. The [Act] merely requires that the damages 'arise' from use of a vehicle, and that there be proximate

causation between the negligence and the injury"). Accordingly, we do not find the County's argument persuasive.

Finally, the County argues that it is immune because "[p]roblems with information and planning are not . . . subject to the waiver provisions under § 101.021," and, in this case, the proximate cause of the injury was the incorrect records that led the County to believe it had an easement on the Kilburns' property.[3] The County also contends that its employees would not be personally liable because "[a]ctions taken at the planning or policy-making level, are immune; actions taken at the subordinate or operational level, are not."[4] But the County did not raise either of these issues below, and our review of the trial court's order sustaining a plea to the jurisdiction is limited to the matters presented to the trial

---

[3] Even if we were to consider the merits of this argument, it would fail. The cases discussing the government's negligent use of information in the context of section 101.021 provide that information does not constitute "tangible personal property" for the purposes of subsection (2). *See, e.g.*, *Petta*, 44 S.W.3d at 580–81. But subsection (2) does not apply in this case because it does not extend to property damage, and because the Kilburns rely only on section (1), which does not mention tangible personal property.

[4] Although we do not address the merits of this argument, we note that the relevant distinction discussed in the cases on which the County relies is between discretionary and ministerial acts rather than planning-level and operational-level acts. *See, e.g.*, *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 657 (Tex. 2007) ("[T]he Act preserves immunity for discretionary decisions under the 'discretionary powers' exception to the waiver. Tex. Civ. Prac. & Rem. Code § 101.056. The exception's purpose is to avoid judicial review or interference with those policy decisions committed to the other branches of government."); *Tex. Dep't of Transp. v. Olivares*, 316 S.W.3d 89, 97 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[T]he State remains immune from suits arising from its discretionary acts and omissions.") (quoting *Tex. Dep't of Transp. v. Garza*, 70 S.W.3d 802, 806 (Tex. 2002) (internal quotation marks omitted)); *Mogayzel v. Tex. Dep't of Transp.*, 66 S.W.3d 459, 465 (Tex. App.—Fort Worth 2001, pet. denied) ("Appellants have failed to address how the design of the highway is not a discretionary act for which Appellees have sovereign immunity. Under the Act, if the state's action giving rise to personal injury or death is discretionary, the Act does not waive the state's immunity."); *McKinney v. City of Gainesville*, 814 S.W.2d 862, 866 (Tex. App.—Fort Worth 1991, no writ) ("[C]ases have stated that decisions made at a policy level instead of an operational level are exempt as policy decisions. . . . The purpose behind this distinction and section 101.056 is 'to avoid a judicial review that would question the wisdom of a government's exercise of its discretion in making policy decisions.'").

court. *See City of Mont Belvieu*, 222 S.W.3d at 519. Therefore, we need not determine the merits of these arguments.

* * *

In sum, construing the amended petition liberally in favor of the Kilburns and looking to their intent, we conclude that the Kilburns alleged sufficient facts to demonstrate the trial court's jurisdiction, and we sustain the Kilburns' first and second issues on appeal. *See Miranda*, 133 S.W.3d at 228. Accordingly, we reverse the trial court's order granting the County's plea to the jurisdiction and dismissing the Kilburns' negligence claim with prejudice, and we remand this cause to the trial court for further proceedings consistent with this opinion.

/s/    Jeffrey V. Brown
       Justice

Panel consists of Justices Brown, Christopher, and McCally.

12