Robert YOUNG, Jr. and Wife, Jane Young, and Taylor Stephenson, Individually and as Natural Father and Next Friend of Michael Stephenson, a Minor, Appellants,

v.

CITY OF DIMMITT, Texas, Appellee.

No. 07–88–0114–CV.

Court of Appeals of Texas, Amarillo.

Aug. 10, 1989.

Rehearing Denied Sept. 15, 1989.

DODSON, Justice.

Robert Young, Jr. and wife, Jane Young, and Taylor Stephenson, individually and as the natural father and next friend of Michael Stephenson, a minor, appeal from the trial court's take-nothing summary judgment rendered against them on their cause of action against the City of Dimmitt (the City). The appellant brought their cause of action against the City under the Texas Tort Claims Act, Texas Civil Practice and Remedies Code Annotated section 101.001, *et seq.* (Vernon 1986), for personal injuries and property damage resulting from an automobile collision. By their sole point of error, the appellants claim "the trial court erred in holding the City of Dimmitt's negligence in hiring and retaining Vaughn Allan [sic] Maddox as a police officer, and placing this unstable person in control of an automobile does not involve 'use of an automobile' within the meaning of the Texas Tort Claims Act." Affirmed.

The record shows that in the early morning hours of 20 June 1983, appellants were riding in an automobile driven by appellant Robert Young, Jr. which was traveling south in the right-hand lane of U.S. Highway 385, approximately eight miles north of Dimmitt. Without warning, their automobile was in a collision with a city police car driven in a northerly direction by Offi-

cer Maddox. The collision occurred in the lane of traffic for southbound vehicles. The record further shows that Officer Maddox was driving his patrol car without headlights and that he intended to take his life by swerving into the path of appellants' vehicle. After surviving the collision, Officer Maddox drew his gun and fired a fatal shot into his chest. He left a suicide note in his patrol car, which stated his desire to end his life.

By their allegations, the appellants, in essence, claim that the City is liable to them under the Texas Tort Claims Act for personal injuries and property damage sustained by them as a result of the collision because the City negligently hired and retained Officer Maddox and placed him in a police car as the driver and that the City's action constituted "use of an automobile" under the Texas Tort Claims Act. The City claims, among other things, that the officer was not acting within his scope of employment at the time in question and that under the Texas Tort Claims Act the City is not liable for its employees' intentional torts.

Section 101.021 of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986) provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or *the negligence of an employee acting within his scope of employment if:*

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. (emphasis added)

Also, section 101.057 provides:

This chapter does not apply to a claim:

(1) based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion; or

(2) arising out of assault, battery, false imprisonment, *or any other intentional tort,* including a tort involving disciplinary action by school authorities. (emphasis added)

Section 101.021 of the Texas Tort Claims Act does not apply to a claim based on an injury or death arising out of any intentional tort.

In this instance, the occurrence in question was an intentional tort and outside the Texas Tort Claims Act. In response to the request for admissions, the appellants admitted to the following facts:

(1) That the occurrence in question was caused by an intentional act committed by Vaughn Allen Maddox.

(2) That Vaughn Allen Maddox intended to take his life by swerving into the path of the Plaintiff's vehicle on the occasion in question.

(3) That at the time of the occurrence in question Vaughn Allen Maddox was driving without his lights on.

(4) That immediately following the occurrence in question, Vaughn Allen Maddox drew his firearm and shot himself once in the chest.

(5) That at the time of the occurrence in question, Vaughn Allen Maddox was not in furtherance of the business or duties of a Dimmitt city police officer.

(6) At the time of the occurrence in question, Vaughn Allen Maddox was not within the course and scope of his employment with the City of Dimmitt as a Dimmitt city police officer.

\*    \*    \*    \*    \*    \*

(10) That at the time of the occurrence in question, Vaughn Allen Maddox was not in the course of performing duties of a police officer for the City of Dimmitt, Texas, and was not in or about the performance of a task lawfully assigned to him by competent authority.

\*    \*    \*    \*    \*    \*

(12) That at the time of the occurrence in question, Vaughn Allen Maddox was not in pursuit of any known or suspected violator of the criminal laws or ordinances of the City of Dimmitt or the State of Texas.

(13) That the occurrence in question occurred approximately eight miles outside the city limits of the City of Dimmitt, Texas.

(14) That prior to the occurrence in question, and immediately before leaving the city limits of the City of Dimmitt, Texas, Vaughn Allen Maddox did not check in nor report the fact that he was leaving the city limits with the police and/or sheriff's department dispatcher.

(15) That at the time of the occurrence in question, Vaughn Allen Maddox intentionally, knowingly or recklessly caused bodily injury to the Plaintiffs.

(16) That at the time of the occurrence in question, Vaughn Allen Maddox intentionally, knowingly or recklessly caused physical contact between his vehicle and Plaintiff's vehicle when he knew or reasonably should have known that Plaintiff would regard that contact as offensive or provocative.

Consequently, we conclude that notwithstanding appellants' allegations of negligent hiring, retention, and entrustment, Officer Maddox's intentional tortious action on the occurrence in question precludes an application of the Texas Tort Claims Act. The appellants' sole point of error is overruled. The trial court's judgment is affirmed.