**Robert YOUNG, Jr. et al., Petitioners,**

**v.**

**CITY OF DIMMITT, Texas, Respondent.**

**No. C–9208.**

Supreme Court of Texas.

Feb. 21, 1990.

Rehearing Overruled April 4, 1990.

---

Forrest Bowers, Lubbock, for petitioners.

Marty L. Rowley, Mark L. Packard, Amarillo, for respondent.

PER CURIAM.

Attempting to kill himself, a Dimmitt police officer drove his police car into oncoming traffic, colliding with a car in which petitioners were riding. Petitioners sued the City of Dimmitt under the Tort Claims Act,[1] alleging that the city was liable for negligently employing the police officer and for negligently entrusting a police car to him.[2] More particularly, petitioners contend that before the City of Dimmitt hired the officer, he had been fired from the City of Dumas police department on suspicion that he had committed arson and burglary, and that while working for the City of Dimmitt, he came under suspicion for an additional burglary and fire. By special exceptions, the city asserted that petitioners' claims were not allowed under the Tort Claims Act. The trial court sustained the special exceptions, and when petitioners refused to amend, dismissed their claims. The court of appeals affirmed. 776 S.W.2d 671.

The court of appeals concluded "that notwithstanding appellants' allegations of negligent hiring, retention, and entrustment, [the officer's] intentional tortious action on the occurrence in question precludes an application of the Tort Claims Act." 776 S.W.2d at 673. We disapprove this statement. Although a governmental unit is immune from claims arising out of intentional torts, TEX.CIV.PRAC. & REM.CODE ANN. § 101.057 (Vernon 1986), petitioners' negligent employment and entrustment claims arise out of the alleged negligence of the city employees supervising the officer, not out of the officer's intentional tort.

1. TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–101.-109 (Vernon 1986).

2. Petitioners also claimed that the city was vicariously liable for the officer's actions. The trial court granted summary judgment for the city on this claim on the grounds that the officer's actions were intentional and that it was therefore immune from suit for such actions. See TEX.CIV.PRAC. & REM.CODE ANN. § 101.057 (Vernon 1986). Petitioners have not appealed this ruling of the trial court.

Nevertheless, we do not find error which requires reversal of the court of appeals' judgment. Petitioners' application for writ of error is accordingly denied.