Lori ANNAB, Appellant

v.

HARRIS COUNTY, Texas, Appellee

NO. 14-16-00348-CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinions filed March 14, 2017.

Steve E. Couch, Houston, TX, for appellant.

Michael Wayne Blaise, Kenneth R. Caplan, Barry Herrscher, Bruce Powers, Houston, TX, for appellee.

Panel consists of Justices Busby, Donovan, and Brown (Brown, J., majority).

## OPINION

Marc W. Brown, Justice

In this interlocutory appeal, Lori Annab contends the trial court erred in granting Harris County's plea to the jurisdiction. Annab raises three issues on appeal: (1) the trial court erred if the grant of Harris County's plea was based on the Texas Tort Claims Act (TTCA) intentional torts exclu-

sion; (2) the trial court erred in granting the plea because the evidence raised a fact issue as to Harris County's use or misuse of property; and (3) the trial court erred in granting the plea because Harris County failed to conclusively prove the trial court lacked jurisdiction. We affirm in part and reverse and remand in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2014, Kenneth Caplan, using his Glock firearm, shot and injured Annab. At the time of the incident, Caplan was a Deputy Constable for Harris County. In applying for employment with Harris County, Caplan disclosed that he was on medication for mood stabilization due to a chemical imbalance. In the five years prior to his employment with Harris County, Caplan held 21 jobs and was fired from 12. Caplan was dismissed from the College of the Mainland Law Enforcement Academy within four months of entering. The separation form indicated Caplan's dismissal was the result of: (1) failing minimum standards for safety in performing traffic stops and building entries for Patrol Procedures—liability concerns; (2) violation of rules by jumping chain of command on three occasions; (3) inability to function as a team member and increasing hostility towards classmates; and (4) ethics—lying.

After Caplan was hired, he identified and disclosed his Glock firearm as his primary weapon. Harris County approved and authorized the use and possession of the firearm at all times during Caplan's employment. Harris County had the authority to withdraw its approval and authorization of the firearm.

Before the November 11 incident, Caplan was involved in four other incidents. Caplan exhibited anger management issues working as a security guard on August 7, 2012. He yelled, screamed, and cursed at supervisors and threatened a supervisor or co-worker that if stopped for a traffic violation he would go to jail, not simply receive a ticket. Caplan was involved in a road rage incident on November 11, 2013. During the incident, Caplan sped up to make sure the driver could see him motioning as though he was shooting at her. He repeatedly yelled at her, loud enough for her and her children to hear, that he intended to shoot them. The driver believed Caplan was armed as he was in uniform. Caplan again exhibited road rage behavior by stopping his personal vehicle in the middle of the street to stop a driver on July 4, 2014. Caplan exited his vehicle and approached the driver who was a uniformed Houston Police Department officer. He voiced expletives at the officer prior to returning to his car. Caplan exhibited hostility towards two other officers by striking their vehicle twice on July 24, 2014.

Annab filed suit against Harris County, Caplan, and Carole Busick, Ph.D. Annab's claims against Harris County arise under the TTCA. Specifically, in her third amended original petition, Annab alleged: (1) use and misuse of property by hiring Caplan insofar as Harris County used and devoted funds and property toward him; (2) use and misuse of property by repeatedly approving, authorizing, and qualifying Caplan to have, possess, and use the firearm; and (3) use and misuse of property by negligently failing to withdraw and revoke approval and authorization for Caplan to possess and use the firearm before the November 11 incident. Annab contends the negligent acts were the proximate cause of the incident in question and the severe injuries and losses she sustained.

Harris County filed a plea to the jurisdiction. Annab filed a response arguing the trial court had jurisdiction and requesting the plea be denied. Evidence was submitted with Harris County's and Annab's mo-

tions. Following a hearing, the trial court granted Harris County's plea to the jurisdiction.[1] This interlocutory appeal followed.

## II. ANALYSIS

### A. Sovereign Immunity

In Texas, a governmental unit is immune from tort liability unless immunity has been waived by the legislature or the governmental unit has consented to suit. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (consent to suit); *Dallas Cty. Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998) (legislative waiver). "The Texas Tort Claims Act provides a limited waiver of sovereign immunity." *Miranda*, 133 S.W.3d at 224. Sovereign immunity includes immunity from suit and immunity from liability. *Id.* "Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction." *Id.* The two immunities are co-extensive under the TTCA. *Id.* Absent express waiver under the TTCA, Harris County will be immune from suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (West Supp. 2016) (defining governmental unit to include a political subdivision of the state); *Miranda*, 133 S.W.3d at 224–25.

### B. Standard of Review

Sovereign immunity is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226. A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Miranda*, 133 S.W.3d at 226. We review a trial court's ruling on a plea to the jurisdiction *de novo. Id.* at 228.

A plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* at 226. "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* We must accept as true all factual allegations in the petition, construe the pleadings liberally, and look to the pleader's intent. *Id.* at 226–27. A plea to the jurisdiction may be granted without allowing amendment if the pleading affirmatively negates the existence of jurisdiction. *Id.* at 227. If the pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be afforded the opportunity to amend. *Id.*

Where the governmental unit challenges the existence of jurisdictional facts, and the parties submit evidence relevant to the jurisdictional challenge, we consider that evidence when necessary to resolve the jurisdictional issues raised. *Id.* We credit as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id.* at 228. The standard of review for a jurisdictional plea or motion based on evidence "mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* The movant must present conclusive proof that the trial court lacks subject matter jurisdiction. *Id.* If the movant discharges its burden to establish that the trial court lacks jurisdiction, the nonmovant must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *Id.*

### C. Harris County's Plea to the Jurisdiction

Annab challenges the trial court's grant of Harris County's plea in three issues. We

---

1. The record contains no reporter's record from the hearing.

begin by addressing Annab's third issue as our resolution of that broad issue resolves all issues raised on appeal. In her third issue, Annab contends the trial court erred because Harris County failed to conclusively establish the trial court lacked jurisdiction. Harris County challenged the trial court's jurisdiction based on Annab's pleadings and the existence of jurisdictional facts.

Annab relies on Section 101.021(2) of the TTCA in contending Harris County's sovereign immunity is waived. Section 101.021(2) provides a waiver of sovereign immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2011). In the trial court, Harris County argued: (1) Annab alleged an intentional tort which was excluded under the TTCA; (2) the TTCA does not recognize a claim for negligent entrustment, hiring, or supervision; and (3) sovereign immunity was not waived because Caplan was not within the scope of his employment at the time he committed the tort. On appeal, Harris County also contends the trial court lacked jurisdiction as Annab did not allege a "use" of the tangible personal property under Section 101.021(2). *See id.* Harris County had the burden to conclusively prove the trial court's lack of jurisdiction by challenging Annab's pleadings or the existence of jurisdictional facts. *See Miranda*, 133 S.W.3d at 228. Only then would the burden shift to Annab to present evidence sufficient to raise a material issue of fact. *Id.*

1. **Intentional Torts Exclusion**

 The limited waiver of immunity under the TTCA does not apply to intentional acts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2011); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). "[T]o sue a governmental unit under the Act's limited waiver, a plaintiff may allege an injury caused by negligently using tangible property, but to be viable, the claim cannot arise out of an intentional tort." *Watauga*, 434 S.W.3d at 589. "[I]ntentional conduct intervening between a negligent act and the result does not always vitiate liability for the negligence." *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 60 (Tex. 1992). When the focus of the claim is on the governmental entity's negligent conduct, not the intentional conduct of its employee, the claim will not be treated as arising from an intentional tort. *See id.* at 59-60; *Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990).

Unlike our dissenting colleague, Harris County does not argue that the intentional torts exclusion applies to its alleged conduct in authorizing the firearm's use and failing to withdraw that authorization. Instead, in its brief, Harris County uses quotes from Annab's petition to frame "the issue in this case [as] whether 'approving/authorizing and qualifying' the use of a specific weapon or 'failing to withdraw and revoke such approval/authorization' or 'hiring and using/devoting funds' to pay an employee constitutes a 'use' of tangible personal property . . ."—an issue we address below. Only in a footnote does Harris County address the intentional torts exclusion, and then only to explain why the alleged acts just quoted—and not the act of discharging the firearm—should be the focus of our analysis. As Harris County observes, "[t]he act of firing the weapon could not be the basis of a claim against Harris County in this case, because that act was an intentional tort specifically excluded from the coverage of the Tort Claims Act."

 We agree with Harris County that the act of firing the weapon is not the basis of Annab's claim. Annab points out

that her claim as pleaded arises out of Harris County's independent negligent use and misuse of the firearm, not Caplan's discharging of the firearm—which was an intentional tort. An intervening criminal act will not automatically vitiate the negligence cause of action when the negligent actor should have realized the likelihood that such a situation might be created and that a third person might avail himself of the opportunity to commit such a crime. *See Tex. Youth Comm'n v. Ryan*, 889 S.W.2d 340, 343 (Tex. App.—Houston [14th Dist.] 1994, no writ). Annab alleges Harris County negligently used and misused the firearm by authorizing, approving, and failing to withdraw its approval and authorization for Caplan to possess and use the firearm. She argues that without this approval and authorization, Caplan was not entitled to use or possess the firearm. Further, she contends that taking her factual allegations as true, it was reasonably foreseeable an incident like the one at issue in this case would occur if Harris County continued to authorize Caplan's possession and use of the firearm.

The authorization and failure to withdraw authorization for Caplan to possess and use the firearm, as alleged by Annab, are distinct actions from Caplan's use of the firearm, the intentional tort. *Cf. Young*, 787 S.W.2d at 51 ("claims arise out of the alleged negligence of the city employees supervising the officer, not out of the officer's intentional tort"). Construing the pleadings liberally and accepting all facts as true, Annab's claim is not one that arises out of an intentional tort because the focus of her claim arises out of Harris County's alleged negligence in authorizing

and failing to withdraw authorization to possess and use the firearm, with which Annab argues Caplan was able to commit the offending acts.

We conclude Annab has alleged facts by which her claim is not excluded from the waiver of sovereign immunity under the TTCA based on the intentional torts exclusion. Accordingly, Harris County did not meet its burden of proving that the TTCA's intentional torts exclusion applies.[2]

The trial court's order does not expressly state the plea was granted based on the intentional torts exclusion. Harris County raised additional arguments in support of its plea in the trial court. Accordingly, our resolution of this issue does not end our analysis.

## 2. Negligent Entrustment, Hiring, and Supervision

 Before the trial court, Harris County argued that Annab's negligent entrustment, hiring, or supervision claims did not waive sovereign immunity under the TTCA.[3] Regarding any potential negligent entrustment claim, Annab's counsel conceded at oral argument that the firearm was Caplan's. An element of a negligent entrustment claim is entrustment of the chattel by the owner. *See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016); *Prather v. Brandt*, 981 S.W.2d 801, 806 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (firearm). The entrustment element requires a showing that the defendant either owned or had the right to control the chattel when the injury occurred. *See De Blanc v. Jensen*, 59 S.W.3d 373, 376 (Tex. App.—Houston [1st Dist.] 2001, no pet.). The right to control

2. Based on our conclusion, we also sustain Annab's first issue that the trial court erred if it granted Harris County's plea based on the intentional torts exclusion for the same reasons.

3. In her brief, Annab states she is not making a claim against Harris County for negligent hiring, retention, training, or supervision. Accordingly, we limit our discussion to Harris County's argument related to negligent entrustment.

requires the entrustor have a superior possessory right to the chattel than the person to whom it was entrusted. *Id.* If the firearm was Caplan's, Harris County could not have issued it to him as alleged by Annab in her petition. Further, the control of the firearm alleged by Annab would not result in negligent entrustment of the firearm to Caplan as he possessed the superior right to the firearm as owner. Since Caplan owned the firearm, the facts alleged in Annab's petition do not state a claim for negligent entrustment. Accordingly, any claim for negligent entrustment arising from the facts alleged in Annab's petition does not result in a waiver of sovereign immunity under the TTCA.

As the alleged facts raise claims other than negligent entrustment, this does not conclude our analysis.

### 3. Scope of Employment

■ On appeal, Harris County argues that Caplan was not within the scope of his employment when he discharged the firearm, so the act of firing the weapon could not be the basis of Annab's claim against it. Annab counters that there is no scope of employment requirement in a Section 101.102(2) claim, and that the act of firing is not the basis of her claim.

Annab relies on several cases in arguing there is no scope of employment requirement under Section 101.021(2). However, the cases Annab relies on involve personal injury caused by a condition of property or premises defect. *See Miranda*, 133 S.W.3d at 230 ("The Mirandas' allegation of an injury caused by a tree limb falling on Maria Miranda constitutes an allegation of a condition or use of real property and is an allegation of a premises defect."); *Tex. Dep't of Transp. v. Pate*, 170 S.W.3d 840, 844 (Tex. App.—Texarkana 2005, pet. denied) ("The case was submitted to the jury ... as a premises defect allegedly arising from the Department's failure to properly maintain its right-of-way."); *Webb Cty. v.*

*Sandoval*, 88 S.W.3d 290, 295 (Tex. App.—San Antonio 2002, no pet.) (claim regarding negligent condition of food served).

■ Cases involving liability for use have been distinguished from cases involving liability for a condition of property. *See DeWitt v. Harris Cty.*, 904 S.W.2d 650, 652–54 (Tex. 1995). Use under Section 101.021(2) must be based on the government's use, although a condition need not be. *See San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 n.9 (Tex. 2004). As Annab is alleging Harris County's use of the property, and not a condition of the property, the claim must arise out of the government's use.

As explained above, Annab's claim against Harris County is that Harris County was negligent in authorizing or failing to withdraw authorization for Caplan to possess and use the firearm involved in the incident. Construing her pleadings liberally, Annab's claim against Harris County is not for the act of discharging the firearm, and therefore is not dependent on whether Caplan was within the scope of his employment at the time he did so. Harris County did not offer evidence in the trial court, and does not argue on appeal, that the authorization or failure to withdraw authorization of the firearm was done outside of the scope of employment. Accordingly, Harris County did not meet its burden of proof in conclusively establishing that there was no waiver of sovereign immunity under the TTCA and the trial court lacked jurisdiction.

Harris County did not conclusively establish the trial court lacked jurisdiction based on its arguments presented in the trial court. Apart from the facts alleging negligent entrustment, Annab has alleged that Harris County negligently used the firearm by authorizing and failing to withdraw authorization for Caplan's use and possession of the firearm. Liberally con-

struing Annab's pleadings and accepting all facts as true, these allegations are sufficient to demonstrate the trial court's jurisdiction to hear the case. We conclude the trial court erred in granting Harris County's plea, except as to Annab's negligent entrustment claim, based on the arguments presented and sustain Annab's third issue in part. We overrule Annab's third issue as to the negligent entrustment claim as she did not allege facts resulting in the waiver of sovereign immunity on that claim. In light of our holding as to Annab's third issue, we do not address her second issue as the burden never shifted back to Annab to raise an issue of material fact. *See* Tex. R. App. P. 47.1; *Miranda*, 133 S.W.3d at 228.

### 4. Injury Caused by Use of Tangible Personal Property

For the first time on appeal, Harris County contends the trial court's grant of its plea was proper as Annab does not allege a "use" of tangible personal property within the meaning of Tex. Civ. Prac. & Rem. Code § 101.021(2). Harris County further contends Annab failed to present evidence that Harris County's use of the firearm proximately caused her injury. Harris County argues the "real substance of the Appellant's complaint is that her injury was caused, not by the condition or use of property, but by the failure of Caplan's superiors to revoke his authorization to carry a weapon after a prior incident reportedly involving road-rage type behavior." Harris County alleges such actions are nonuse of information and do not state a cause of action under the Tort Claims Act. We consider these new arguments first raised on appeal. *See Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013) ("[A]n appellate court must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all.")

When the jurisdictional issues before the appellate court were not raised in the trial court, a plaintiff may not have had a fair opportunity to address the issues by amending her pleadings or developing the record. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). In such cases, the pleadings are construed in favor of the party asserting jurisdiction and, if necessary, a review of the record for evidence supporting jurisdiction is conducted. *Id.* If the pleadings or record affirmatively negate the existence of jurisdiction, the suit should be dismissed. *Id.* "But if the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, then in order to obtain dismissal of the plaintiff's claim, the defendant entity has the burden to show either that the plaintiff failed to show jurisdiction despite having had full and fair opportunity in the trial court to develop the record and amend the pleadings; or, if such opportunity was not given, that the plaintiff would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such opportunity afforded." *Id.* If the governmental entity meets this burden, the suit should be dismissed. *Id.* If the governmental entity does not meet this burden, the suit should be remanded to the trial court for further proceedings. *Id.*

"Use" under Section 101.021(2) has been defined to mean "'to put into action or service; to employ for or apply to a given purpose.'" *Cowan*, 128 S.W.3d at 246. The nonuse of property or the failure to act does not result in waiver of immunity under the TTCA. *See City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 372 (Tex. 2012) (nonuse of property will not result in waiver of immunity); *Univ. of Tex. Med. Branch at Galveston v. Kai Hui Qi*, 402 S.W.3d 374, 389–90 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("failure to act does not invoke the Tort Claims

Act's limited waiver of immunity"). Further, a governmental entity does not "use" tangible personal property by merely providing, furnishing, or allowing access to it. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 389 (Tex. 2016). Allowing someone to use personal property and nothing more does not equate to "use" of personal property. *See Cowan*, 128 S.W.3d at 246. Additionally, without more, the "[u]se, misuse, or nonuse of information does not constitute use, misuse, or nonuse of tangible personal property under section 101.021(2)." *Prairie View A&M Univ. of Tex. v. Mitchell*, 27 S.W.3d 323, 327 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *see also Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580–81 (Tex. 2001). Annab's petition must be viewed in its entirety to determine whether waiver under the TTCA exists.

While Annab includes allegations of misuse of information in her pleadings, she also contends the result of Harris County's misuse of information was that Harris County "negligently used and misused property by continuing to approve, authorize, and qualify the use and possession of the firearm by Deputy Constable Caplan and such negligence was a proximate cause of the incident." Annab contends that overlooking or disregarding Caplan's previous employment history and incident history shows that Harris County's act of continuing to authorize and approve Caplan's possession and use of the firearm was negligent. *See Univ. of Tex. M.D. Anderson Cancer Ctr. v. Jones*, 485 S.W.3d 145, 149 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding allegation of negligent use of property triggered waiver of immunity under section 101.021(2) where plaintiff relied on misuse of information to show that the use of property was negligent).

Further, Annab alleges Harris County "had control over the property and this constitutes a 'use' for purposes of Section 101.021(2)." In arguing Harris County used the firearm through control, Annab relies on *Sipes v. City of Grapevine*, 146 S.W.3d 273 (Tex. App.—Fort Worth 2004), *rev'd in part on other grounds*, 195 S.W.3d 689 (Tex. 2006). In *Sipes*, the court stated "[t]here is no requirement under the [Tort Claims] Act that the City own the tangible property that causes the injury. The City may be liable in circumstances in which it assumes control over tangible personal property and the negligent exercise of that control results in personal injury." *Id.* at 281.

Annab alleges Harris County, independent of Caplan, used the firearm; however, she does not affirmatively allege facts by which Harris County's authorization of the firearm put it "into action or service." Further, the allegations do not establish Harris County exercised control over the firearm, independent of Caplan. In her brief to this court, Annab contends the facts alleged establish Caplan could not carry or use the firearm—even while off duty—without Harris County's approval and authorization. Annab does not cite to her petition in support of this contention and we have not found such factual allegations therein.

In an effort to show use and control, Annab cites to the testimony of Chief Deputy Constable Armando Tello, Harris County's designated representative, which Annab submitted in response to Harris County's plea. Tello testified it was his opinion that Harris County should not have hired Caplan based on his employment history. Additionally, Tello testified he would have recommended dismissal of Caplan at least twice in response to incidents that occurred before he shot Annab. Annab also points to the Harris County policy on authorized duty weapons attached as an exhibit to Tello's deposition. The policy states "Harris County Precinct

6 Constable's Office employees are only authorized to carry and use weapons, lethal and non-lethal, approved by the Constable or designee." However, the policy in the record is undated, and Tello's testimony does not establish that the policy was in effect prior to the November incident in which Annab was injured, nor does it address to what extent the policy applied to deputies while off duty. This evidence submitted by Annab does not affirmatively establish Harris County's use or control over the firearm. We conclude the facts alleged by Annab in her pleading, and the evidence submitted, do not conclusively establish Harris County's use of the firearm under Section 101.021(2).

 Waiver of immunity under Section 101.021(2) also requires Harris County's use of the firearm be the proximate cause of Annab's injury. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 726 (Tex. 2016). "Proximate cause requires both 'cause in fact and foreseeability.'" *Id.* For Harris County's use of the firearm to be a cause in fact, the use must be "'a substantial factor in causing the injury and without which the injury would not have occurred.'" *Id.*; *see also Univ. of Tex. M.D. Anderson Cancer Ctr. v. Baker*, 401 S.W.3d 246, 257 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Use of the property must have actually caused the injury. *Sampson*, 500 S.W.3d at 389; *Brown v. Houston Indep. Sch. Dist.*, 123 S.W.3d 618, 620 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Annab contends that Harris County's use of the firearm was the proximate cause of her injuries. However, the facts alleged in Annab's petition do not demonstrate that Harris County's approval, authorization, and qualification of the use and possession of the firearm were the proximate cause of her injuries. As Annab has not alleged facts affirmatively demonstrating personal injury proximately caused by

Harris County's use of tangible personal property, we conclude she has not met her burden of affirmatively establishing jurisdiction based on the pleadings.

We conclude the pleadings and record do not demonstrate jurisdiction or conclusively negate it. Given the new arguments regarding use that Harris County advances for the first time on appeal, it has not demonstrated that Annab failed to show jurisdiction despite having full and fair opportunity to litigate the issue in the trial court. Nor has Harris County established that Annab would be unable to show the existence of jurisdiction if this case were remanded. Accordingly, we reverse the trial court's grant of Harris County's plea and remand this case for further proceedings. *See Rusk State Hosp.*, 392 S.W.3d at 96.

### III. CONCLUSION

We affirm the trial court's judgment granting Harris County's plea on Annab's negligent entrustment claim. We reverse the remainder of the trial court's judgment and remand for proceedings consistent with this opinion.

(Donovan, J., dissenting.)

John Donovan, Justice, dissenting

Because I would affirm the trial court's order on the basis that Annab's pleadings demonstrate incurable defects in jurisdiction, I respectfully dissent.

The Texas Tort Claims Act (TTCA) waives immunity for injuries caused by the negligent use of tangible property but this limited waiver does not apply to intentional torts. Tex. Civ. Prac. & Rem. Code §§ 101.021(2) and 101.057. In order to be viable, the claim cannot arise out of an intentional tort. *City of Watauga v. Gordon*, 434 S.W.3d 586, 587 (Tex. 2014). Annab's pleadings state that Caplan shot and

severely injured her, clearly an intentional tort. Thus, to maintain a negligence claim against Harris County, Annab's pleadings must allege facts that, taken as true, reflect her claim does not "arise out of" being intentionally shot by Caplan.

The tangible property identified in Annab's pleadings is Caplan's personal gun that he used to shoot her.[1] Annab alleges Harris County had control over Caplan's personal gun because it authorized Caplan to use it. Annab alleges that Harris County's negligence regarding that authorization was a proximate cause of her injuries. These allegations are reflected in the following statement from her petition:

> Specifically, [Caplan] using the Glock gun which the County had repeatedly approved and qualified and thus, had allowed Deputy Constable Caplan to retain possession of such Glock gun, Deputy Constable Caplan, acting under his indicia of authority as a Deputy Constable; used the approved and qualified Glock gun and shot and severely injured the Plaintiff.

The majority cites three cases in support of its determination that Annab's allegations state a claim that her injuries were caused by negligent use of tangible property, rather than an intentional tort. *See Delaney v. Univ. of Houston*, 835 S.W.2d 56, 60 (Tex. 1992); *Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990); and *Texas Youth Comm'n v. Ryan*, 889 S.W.2d 340, 343 (Tex. App.—Houston [14th Dist.] 1994, no pet.).

In *Delaney*, a university failed to fix the lock on a door that provided access to a campus dormitory despite complaints. 835 S.W.2d at 57. An intruder entered through that door, found the plaintiff in her room, and raped her. *Id.* The plaintiff sued the

university for failing to repair the lock and breach of contract to provide a secure residence. *Id.* at 60. The court expressly did not decide whether the plaintiff's negligence claims fell within the waiver of immunity contained in the TTCA or whether they were barred by immunity for other reasons. *Id.* at 60-61. The court only concluded that it was error for the lower courts to apply section 101.057(2) to the plaintiff's claims. The court gave two reasons: (1) intentional conduct intervening between a negligent act and the result does not always vitiate liability for the negligence; and (2) "arising out of," as used in section 101.057(2), "requires a certain nexus" between the claim and an intentional tort for the provision to apply. *Id.* 59-60. Thus *Delaney* stands for the proposition that an intentional tort precludes a negligence claim when there is a nexus between the two.

The Texas Supreme Court in *Young* disapproved the lower court's conclusion that regardless of the claims for negligent employment, entrustment, and supervision, the officer's intentional tort precluded application of the TTCA.[2] *Young*, 787 S.W.2d at 51. The court then found no error requiring reversal of the trial court's dismissal of the petitioners' claims. *Id.* Thus the court did not overturn the Court of Appeal's determination that the officer's intentional tort—driving his car into oncoming traffic in an attempted suicide—precluded application of the TTCA. *See Young v. City of Dimmitt*, 776 S.W.2d 671, 673 (Tex. App.—Amarillo 1989), *writ denied per curiam*, 787 S.W.2d 50 (Tex. 1990). Thus while *Young* stands for the proposition that negligence claims *may* arise from acts other than the intentional

---

1. Annab conceded at oral argument the gun was owned by Caplan and he was not on duty.

2. As the majority notes, none of these claims are at issue in this case.

tort, it does not support a finding that such is the case here. 787 S.W.2d at 51.

*Ryan* involved multiple intentional torts. 889 S.W.2d at 341. This court recognized that an intervening intentional tort does not automatically bar the negligence claim "simply because [the intentional tort] played a role." *Id.* at 343. We then determined the tangible personal property alleged to have been used, diagnostic tests and evaluation forms to determine the youth's placement, was not property under the TTCA. We further held the causal nexus required under section 101.021(2) was absent because the tests and forms were not the "direct devices" which proximately caused the plaintiff's injuries. *Id.* at 344-45; Tex. Civ. Prac. & Rem. Code § 101.021(2). Like *Young*, *Ryan* acknowledges an intervening intentional tort does not *necessarily* preclude a negligence claim. But unlike *Ryan*, the nexus we are concerned with is whether the claim arises from an intentional tort. *See Delaney*, 835 S.W.2d at 59; Tex. Civ. Prac. & Rem. Code § 101.057.

As this court recognized in *Holder v. Mellon Mortgage Co.*, 954 S.W.2d 786, 806-807 (Tex. App.—Houston [14th Dist.] 1997), *rev'd on other grounds*, 5 S.W.3d 654 (Tex. 1999), the nexus between the use of the property and the alleged negligent conduct causing the injury is the critical inquiry. In that case, the plaintiff was raped by a police officer in the City's police car. *Id.* at 789. The plaintiff alleged the City was negligent in hiring the officer, retaining him, entrusting him with a badge and a police car, and in monitoring his activities and failing to discover his personal and emotional problems. *Id.* at 804. The plaintiff argued her claim did not arise from the officer's intentional tort, but from the City's negligent supervision and moni-

toring of the officer and his use of its police car, which was the tangible personal property in that case. *Id.* at 805. We determined the patrol car was not the direct device that caused the plaintiff's injury and the required causal nexus for liability was absent, stating the cause of the plaintiff's injury was the officer's intentional assault. *Id.* at 807.

Annab's injuries were caused by Caplan's gun and there are no allegations of a causal connection between the alleged negligent conduct and Caplan's use of that gun. *See McCord v. Mem'l Med. Ctr. Hosp.*, 750 S.W.2d 362 (Tex. App.—Corpus Christi 1988, no writ) (the use of the nightstick against the plaintiff was committed by the security guard in the course of an intentional tort, precluding plaintiff's claim); *Townsend v. Mem'l Med. Ctr.*, 529 S.W.2d 264 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.) (the essence of the plaintiff's complaint was the rape, an intentional tort excluded by the TTCA). There are no factual allegations in Annab's pleadings as to how Harris County used or misused the gun. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587-88 (2001) (recognizing that non-use of property does not waive immunity under the TTCA but misuse is within the waiver). It is not alleged that Harris County had any right to take Caplan's gun or that if Harris County had never authorized, or withdrawn its authorization, for Caplan to use the gun he would not have been in lawful possession of his own gun in his own personal car.[3] Because Annab's pleadings, if taken as true, establish her claims arise from an intentional tort, I would find her claims against Harris County for negli-

---

**3.** Harris County's assertion in its plea to the jurisdiction that Caplan was driving his own

car has never been disputed.

gence are precluded by the TTCA and affirm the trial court's order.