**Opinion issued January 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00516-CV

———————————

**HARRIS COUNTY, Appellant**

**V.**

**KASSANDRA DEARY, Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-55793**

---

## O P I N I O N

In this interlocutory appeal, Harris County contends the trial court erred in denying its plea to the jurisdiction based on governmental immunity. According to Kassandra Deary's petition, a Harris County sheriff's deputy slammed her to the ground and arrested her without probable cause, and she sued the County under state

and federal law for the injuries she sustained from this incident. We reverse and render in part and affirm in part.

## BACKGROUND

According to Deary's original petition, she and a friend went to a restaurant and bar one night where the waiters and bartenders refused to serve her. At the bar, she opened the beer taps to get the bartender's attention, to no avail. She was getting ready to leave when Michael Hines, an off-duty Harris County sheriff's deputy working as a security officer at the restaurant, approached her. He made racist comments toward her. Deary walked away to grab her purse so she could leave, but Hines "started grabbing [Deary's] hand, shoulder, and neck." He then picked her up and "slammed her face hard on the floor," which broke several of her teeth and caused her to lose consciousness momentarily. Hines arrested Deary, and she was taken to jail until she posted bond. Deary then sued Hines, the restaurant, and Harris County.

Against Hines, she alleged state law intentional torts of assault, battery, intentional infliction of emotional distress, false imprisonment, and malicious prosecution. She also alleged state law negligence and gross negligence. She further alleged federal claims under Section 1983 for excessive force and false arrest.

Against Harris County, she alleged federal Section 1983 claims for excessive force and false arrest. She also asserted claims for negligent hiring, training, and

2

supervision of Hines and respondeat superior liability,[1] although she did not specify whether she was asserting these under state or federal law.

Harris County filed a plea to the jurisdiction and, in the alternative, moved to dismiss Deary's claims against it under Texas Rule of Civil Procedure 91a for having no basis in law or fact. The trial court denied Harris County's plea to the jurisdiction, and the County now appeals that ruling.

## DISCUSSION

Harris County raises two issues on appeal: whether the trial court lacked subject matter jurisdiction over Deary's claims because of the County's governmental immunity and whether the trial court erred in denying the County's plea to the jurisdiction. We consider these two issues together.

Harris County argues the trial court erred in denying its plea to the jurisdiction because the County has governmental immunity from Deary's state law claims and because Deary has failed to sufficiently plead elements of her federal claims.

We agree that governmental immunity bars Deary's state law claims against the County, and therefore the trial court erred in not granting the County's plea to the jurisdiction as to those claims. But we disagree that the County's argument—

---

[1] Respondeat superior is not a distinct cause of action but rather a theory for holding an employer liable for the negligent acts of its employee acting within the course and scope of his employment. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) (per curiam).

3

failing to sufficiently plead elements of her federal claims—raised any jurisdictional issue before the trial court. Federal law waives the County's immunity for Section 1983 claims, and the elements of the federal claims do not implicate the trial court's jurisdiction. Thus, Harris County has not shown the trial court erred in denying the County's plea to the jurisdiction as to Deary's federal claims.

## Plea to the Jurisdiction

Subject matter jurisdiction is essential to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The plaintiff has the burden to affirmatively demonstrate a trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). That burden includes the obligation to establish a waiver of sovereign or governmental immunity[2] in suits against the government. *See id.*

Under Texas law, governmental units, including counties, are generally entitled to governmental immunity from suit and liability unless the state legislature has clearly and unambiguously waived immunity. *Harris County v. Annab*, 547 S.W.3d 609, 612–13 (Tex. 2018); *see* TEX. CIV. PRAC. & REM. CODE

---

[2] "Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts." *Harris County v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (quoting *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011)).

4

§ 101.001(3)(B) (defining "governmental unit" to include counties). Because governmental immunity implicates a trial court's subject matter jurisdiction, a county may challenge the trial court's jurisdiction by asserting governmental immunity in a plea to the jurisdiction. *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 457 (Tex. 2020). Whether a plaintiff has alleged facts to affirmatively demonstrate a trial court's jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

When, as here, a plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally in the plaintiff's favor and look to the plaintiff's intent. *Id.* If the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not negate the trial court's jurisdiction, the trial court should give the plaintiff the opportunity to amend her pleadings. *Id.* at 226–27. If the pleadings affirmatively negate jurisdiction, then the trial court should grant the plea to the jurisdiction, and there is no need to give the plaintiff an opportunity to amend her pleadings. *Id.* at 227.

When a plaintiff sues for federal claims in a state court, we apply federal substantive law and state procedural law to those claims. *Harris County v. Coats*, 607 S.W.3d 359, 372 (Tex. App.—Houston [14th Dist.] 2020, no pet.). State courts have concurrent jurisdiction to decide cases arising under federal law unless Congress expressly precludes state court jurisdiction. *See Haywood v. Drown*, 556

U.S. 729, 734–36 (2009) (explaining state courts and federal courts have concurrent jurisdiction over federal claims and describing "default assumption" that state courts have inherent authority to adjudicate federal claims).

Generally, a party may only appeal a final judgment. *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014). But a statutory exception to this general rule authorizes a party to appeal an interlocutory order that grants or denies a governmental unit's plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *see also Gordon*, 434 S.W.3d at 588. Thus, we have appellate jurisdiction over this interlocutory appeal.

### The Texas Tort Claims Act

The Texas Tort Claims Act waives governmental immunity for personal injury caused by the negligent use of tangible personal property. TEX. CIV. PRAC. & REM. CODE § 101.021(2); *Gordon*, 434 S.W.3d at 589. However, the Act does not waive immunity for intentional torts like assault, battery, or false imprisonment. TEX. CIV. PRAC. & REM. CODE § 101.057(2); *Gordon*, 434 S.W.3d at 589.

A plaintiff may assert a claim against a governmental unit based on its employee's conduct under the doctrine of respondeat superior. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 846 (Tex. 2018) (explaining that doctrine of respondeat superior makes employer liable for conduct of its employee). Or, a plaintiff may assert a claim against the governmental unit for its own conduct

6

relating to the negligent employee, like a claim for negligent hiring, negligent training, or negligent supervision. *See Tex. Dep't of Crim. Just.-Cmty. Just. Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012) (per curiam). These types of claims must still satisfy the Tort Claims Act's requirements, including the use of tangible personal property. *Id.* (holding plaintiff did not establish waiver of immunity under Texas Tort Claims Act for negligent hiring, training, and supervision because plaintiff did not allege use of tangible personal property).

Further, when a plaintiff alleges facts describing a personal injury caused by an intentional tort like battery or the use of excessive force, the plaintiff cannot reframe her claim as one caused by negligence to circumvent the Act's intentional-tort exception. *See Gordon*, 434 S.W.3d at 593–94 (dismissing plaintiff's tort claim against city for negligent use of tangible property—handcuffs—when plaintiff's underlying claim was for intentional torts of excessive force and battery used in applying handcuffs); *accord Ector County v. Grace*, 661 S.W.3d 659, 666 (Tex. App.—El Paso 2023, no pet.) (dismissing plaintiff's claim for negligence against county when plaintiff alleged that sheriff's deputy used excessive force against him by striking his motorcycle with deputy's car); *Harris County v. Cabazos*, 177 S.W.3d 105, 113 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (granting county's plea to jurisdiction for plaintiff's claims against county for negligently training and supervising sheriff's deputy and against deputy for negligently shooting pistol when

claims were based on deputy's intentional shooting of plaintiff); *Medrano v. City of Pearsall*, 989 S.W.2d 141, 144–45 (Tex. App.—San Antonio 1999, no pet.) (affirming summary judgment in favor of city based on immunity from plaintiff's claims for negligent hiring and training when plaintiff's claims were based on police officer's intentional assault of plaintiff).

## Analysis

Harris County argues the trial court should have dismissed Deary's tort claims under state law because Deary failed to establish a waiver of the County's governmental immunity. We agree.

### *State Law Intentional-Tort Claims*

Deary alleged Hines committed the intentional torts of assault, battery, intentional infliction of emotional distress, false imprisonment, and malicious prosecution. She seeks to hold Harris County liable for Hines's conduct under the doctrine of respondeat superior. But the Texas Tort Claims Act does not waive immunity for intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057(2); *Gordon*, 434 S.W.3d at 589. The County is not liable for these intentional torts under a theory of respondeat superior or otherwise. *See City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ denied) (concluding there was no waiver of city's immunity under Texas Tort Claims Act when plaintiff's claims arose

8

out of employee's intentional tort). Thus, Harris County is not liable for these intentional torts because the Act does not waive immunity for these claims.

A plaintiff typically should be given an opportunity to cure jurisdictional defects in her pleadings. *Miranda*, 133 S.W.3d at 226–27. But when, as here, no amendment can cure the jurisdictional defect, a plaintiff is not entitled to amend her pleadings, and we must dismiss the defective claims with prejudice. *Id.* at 227; *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 837, 846 (Tex. 2007) (holding plaintiff was not entitled to amend pleading that could not be cured of its jurisdictional defect and dismissing plaintiff's claims with prejudice); *Harris County v. Sykes*, 136 S.W.3d 635, 637 (Tex. 2004) (holding that order granting plea to jurisdiction based on immunity is dismissal with prejudice).

*State Law Negligence Claims*

Deary also asserted claims for negligent hiring, training, and supervision against Harris County.[3] But Deary alleged only intentional conduct by Hines. She claimed: "Defendant Hines started grabbing [Deary's] hand, shoulder, and neck. . . . Defendant Hines then picked up [Deary] and slammed her face on the hard floor. [Deary] momentarily lost consciousness. Defendant Hines immediately handcuffed

---

[3] Deary's petition did not specify whether she was asserting these claims under state or federal law. Construing her petition liberally, *see Miranda*, 133 S.W.3d at 226, we read her petition as asserting both state and federal claims.

[Deary]." All of Deary's injuries, including a concussion and fractured teeth, resulted from this conduct.

Thus, Deary has failed to allege a "distinct" negligence claim that does not arise out of an intentional tort. *See Grace*, 661 S.W.3d at 666. "If a plaintiff pleads facts [that] amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the [Texas Tort Claims Act]." *Cabazos*, 177 S.W.3d at 111. "A plaintiff cannot circumvent the intentional[-]tort exception by couching his claims in terms of negligence." *Id.* Because Hines committed an intentional tort, the County cannot be liable for negligence arising from this intentional tort. *See id.* at 113 (concluding county's immunity not waived for negligent training and supervision claims based on sheriff's deputy's commission of intentional tort). Therefore, Deary has failed to establish a waiver of the county's governmental immunity because the Act does not waive immunity for these intentional-tort claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) (no waiver of immunity for intentional torts); *Gordon*, 434 S.W.3d at 594 ("Because [the plaintiff] alleges that the police used excessive force in his arrest, a claim that arises out of a battery, his pleadings do not state a claim for which governmental immunity has been waived under the [Texas] Tort Claims Act."); *see also Swanson*, 590 S.W.3d at 550 (plaintiff has burden to allege facts establishing waiver of governmental immunity).

Again, although a plaintiff typically should be given an opportunity to cure jurisdictional defects in her pleadings, *Miranda*, 133 S.W.3d at 226–27, when, as here, no amendment can cure the jurisdictional defect, a plaintiff is not entitled to amend her pleadings, and we must dismiss the defective claims with prejudice, *id.* at 227; *Koseoglu*, 233 S.W.3d at 837, 846; *Sykes*, 136 S.W.3d at 637.

Because of our disposition, we need not address whether Deary gave the County proper notice of her claims under Section 101.101 of the Texas Civil Practice and Remedies Code.

Therefore, the trial court erred in denying Harris County's plea to the jurisdiction as to these state law claims for intentional torts, negligence, and gross negligence against Harris County. We sustain Harris County's issues on appeal as to all of Deary's state law claims.

## Municipal Liability under Section 1983

Federal law creates a cause of action against government actors who cause a deprivation of constitutionally protected rights. *See* 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

11

*Id.* To establish a claim under Section 1983, a plaintiff must allege a deprivation of a right secured by the United States Constitution or federal law and show that a person acting under color of state law caused the deprivation. *Hicks v. LeBlanc*, 81 F.4th 497, 503 n.14 (5th Cir. 2023). The United States Supreme Court determined in *Monell v. Department of Social Services* that a municipality, including a county, is a "person" that can be liable for a constitutional deprivation under Section 1983. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91 (1978). The municipality itself must have actually caused the constitutional deprivation, though. A municipality cannot be liable under a respondeat superior theory for solely employing a tortfeasor. *Id.* at 691.

Because a municipality is a "person" that can be liable under Section 1983, municipalities have no immunity from Section 1983 claims. *See Monell*, 436 U.S. at 690–91(explaining that "local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations"); *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 166 (1993) ("[M]unicipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983."); *see also Owen v. City of Independence*, 445 U.S. 622, 647–48 (1980) ("By including municipalities within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress—the supreme

sovereign on matters of federal law—abolished whatever vestige of the State's sovereign immunity the municipality possessed." (footnote omitted)).

To establish a municipality's liability for a Section 1983 claim under *Monell*, a plaintiff must plead a deprivation of a constitutional right and also plead and prove: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *see also Hicks*, 81 F.4th at 503 n.14 (stating deprivation of constitutional right is necessary element of Section 1983 claim). A plaintiff must also show that the municipality acted with "deliberate indifference" to the "known or obvious consequences" of its actions—a showing of negligence is not sufficient to establish a municipality's liability. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407 (1997).

These three factors—official policy or custom, a policy maker, and a constitutional violation whose moving force is the policy or custom—ensure the municipality is liable only for its own conduct, thus enforcing the Supreme Court's holding in *Monell* that a municipality cannot be liable solely on a respondeat superior theory. *See Brown*, 520 U.S. at 402–405; *Monell*, 436 U.S. at 691. The first two factors—a policy or custom and a policy maker—establish a municipality's culpability by ensuring a municipality is only held liable for conduct "directly

13

attributable to the municipality through some sort of official action or imprimatur." *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Brown*, 520 U.S. at 403–04 ("Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."). The third factor—a constitutional violation whose moving force is the policy or custom—requires a "direct causal link" between the municipality's conduct and the deprivation of constitutional rights. *Brown*, 520 U.S. at 404. The United States Supreme Court has cautioned that courts must adhere to "rigorous standards of culpability and causation" to ensure that a municipality is not held liable for simply employing a tortfeasor—the *Monell* factors are necessary to ensure a municipality's Section 1983 liability does not collapse into simple respondeat superior liability. *Brown*, 520 U.S. at 405.

The three *Monell* factors are a "mere defense to liability" and do not establish immunity from suit. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Harris v. Clay County*, 47 F.4th 271, 276 (5th Cir. 2022) (explaining that municipalities do not have immunity under Section 1983 and "[t]he argument that a municipality does not have a policy or custom that violates federal law is merely a defense to liability"). Thus, whether a plaintiff has pleaded or can establish the *Monell* factors speaks to the

14

merits of a plaintiff's Section 1983 claim, not whether a trial court has jurisdiction to hear it. *Ramirez v. City of El Paso*, No. EP-17-CV-00193-DCG, 2022 WL 16557646, at *4 (W.D. Tex. Oct. 31, 2022); *see also Harris*, 47 F.4th at 276 (declining to exercise appellate jurisdiction over interlocutory order denying county's motion for summary judgment based on argument that county did not have policy or custom violating federal law because that argument was "merely a defense to liability" that could be reviewed after final judgment); *Lee v. Brokenberry*, No. 4:23-CV-01470, 2023 WL 6221781, at *2 (S.D. Tex. Sept. 25, 2023) (citing *Ramirez* and holding defendant Harris County's argument for dismissal based on *Monell* factors did not implicate trial court's jurisdiction); *Doe v. City of Austin*, No. 1:22-CV-00299-RP, 2022 WL 4234954, at *7 (W.D. Tex. Sept. 14, 2022) (concluding municipality failed to implicate jurisdiction or immunity by arguing plaintiff failed to state claim for relief under *Monell*).

## Analysis

### *Federal Section 1983 Claims*

In its plea to the jurisdiction regarding Deary's Section 1983 claims, Harris County relies entirely on the argument that Deary failed to allege sufficient facts to support the *Monell* factors. For each of Deary's claims, the County argues Deary failed to allege a policy or custom that was the moving force behind a constitutional violation and failed to allege the County acted with deliberate indifference to her

15

constitutional rights. Essentially, the County argues Deary failed to state a claim for the County's deprivation of a constitutional right under *Monell*. None of the County's arguments relate to or address jurisdiction or immunity.[4] Because the *Monell* factors do not implicate jurisdiction and Harris County relied solely on the *Monell* factors in its plea to the jurisdiction, Harris County did not show the trial court lacked jurisdiction over Deary's claims. Thus, Harris County has not met its appellate burden to show the trial court erred in denying its plea to the jurisdiction.

Harris County's plea to the jurisdiction argued, in the alternative, for dismissal under Texas Rule of Civil Procedure 91a on the grounds that Deary's claims had no basis in law or fact. Much like Federal Rule of Civil Procedure 12(b)(6), this rule authorizes a trial court to dismiss a claim early in litigation when "the allegations, taken as true, . . . do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see also* FED. R. CIV. P. 12(b)(6) (authorizing motion for dismissal for failure to state claim upon which relief can be granted). Because the *Monell* factors raise a defense to liability, the trial court could have properly considered them in a Rule 91a motion to dismiss. *See Lee*, 2023 WL 6221781, at *2 (concluding Harris County's

---

[4]   In its appellate brief, in a single heading, the County stated—without citation—"Harris County has Sovereign Immunity under 42 U.S.C. § 1983." Nowhere else did the County address immunity regarding Deary's Section 1983 claims. Federal law clearly establishes that Harris County does not have immunity under Section 1983. *E.g.*, *Leatherman*, 507 U.S. at 166 ("[M]unicipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983.").

motion for dismissal based on *Monell* factors was properly decided under Fed. R. Civ. P. 12(b)(6) for failure to state claim instead of rule for lack of jurisdiction). But to the extent Harris County seeks to appeal the trial court's ruling on its alternative Rule 91a motion to dismiss, we have no appellate jurisdiction to review that interlocutory order. *See Krause v. Mayes*, 652 S.W.3d 880, 885 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (noting appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if expressly authorized by statute); *see also Koenig v. Blaylock*, 497 S.W.3d 595, 598 n.4 (Tex. App.—Austin 2016, pet. denied) (observing no statute permitted interlocutory appeal from order denying Rule 91a motion). When a Rule 91a motion seeks dismissal on jurisdictional grounds based on governmental immunity, we may treat the motion as a plea to the jurisdiction by a governmental unit, for which we do have authority to review interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (providing for appellate jurisdiction to review interlocutory order granting or denying governmental unit's plea to jurisdiction); *Krause v. Mayes*, 652 S.W.3d at 885 (concluding appeals court had jurisdiction to review denial of Rule 91a motion invoking governmental immunity); *City of Houston v. Gonzales*, No. 14-19-00768-CV, 2021 WL 2586242, at *1 (Tex. App.—Houston [14th Dist.] June 24, 2021, no pet.) (mem. op.) (explaining Rule 91a motion may raise issue of immunity from suit and on appeal is reviewed like plea to jurisdiction). But, as we have already stated,

17

Harris County's motion did not seek dismissal based on jurisdictional or governmental immunity grounds.

In its reply brief, the County argued for the first time that Deary's claims should have been dismissed as a matter of law because the claims are facially invalid, and a governmental unit's immunity from suit is not waived when the constitutional claims against it are facially invalid, citing *Harris County Appraisal District v. Braun*, 625 S.W.3d 622, 627 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("[I]mmunity from suit is not waived if the constitutional claims are facially invalid." (quoting *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015))).

The Texas Supreme Court has said facially invalid constitutional claims do not waive sovereign immunity from suit. *Klumb*, 458 S.W.3d at 13. But this was in the context of claims under the state constitution. Federal law determines immunity for federal claims. *See Howlett v. Rose*, 496 U.S. 356, 376 (1990) ("Municipal defenses—including an assertion of sovereign immunity—to a federal right of action are, of course, controlled by federal law." (quoting *Owen*, 445 U.S. at 647 n.30)); *see also Thomas v. Allen*, 837 S.W.2d 631, 632 (Tex. 1992) (per curiam) (acknowledging that state court cannot refuse to entertain Section 1983 claim on ground that it was barred by sovereign immunity). And here, federal law holds that

municipalities like Harris County do not have immunity from Section 1983 claims. *E.g.*, *Leatherman*, 507 U.S. at 166.

Like the *Braun* case Harris County cites, several appellate courts have said, explicitly or implicitly, that a plea to the jurisdiction is a proper way to challenge the facial validity of Section 1983 constitutional claims. *Atilano v. Tom Green County*, No. 03-20-00095-CV, 2022 WL 189821, at *2 (Tex. App.—Austin Jan. 21, 2022, no pet.) (mem. op.); *Braun*, 625 S.W.3d at 627; *Tejas Motel, L.L.C. v. City of Mesquite*, No. 05-19-00667-CV, 2020 WL 2988566, at *5 (Tex. App.—Dallas June 4, 2020, pet. denied) (mem. op.); *Jackson v. Port Arthur Indep. Sch. Dist.*, No. 09-15-00227-CV, 2017 WL 1425589, at *3 (Tex. App.—Beaumont Apr. 20, 2017, no pet.) (mem. op.); *City of Dallas v. Saucedo-Falls*, 268 S.W.3d 653, 657–58 (Tex. App.—Dallas 2008, pet. denied); *Dallas County v. Gonzales*, 183 S.W.3d 94, 110 (Tex. App.—Dallas 2006, pet. denied); *Gomez v. Hous. Auth. of El Paso*, 148 S.W.3d 471, 476–77 (Tex. App.—El Paso 2004, pet. denied); *City of Fort Worth v. Robles*, 51 S.W.3d 436, 443 (Tex. App.—Fort Worth 2001, pet. denied), *disapproved of on other grounds by City of Grapevine v. Sipes*, 195 S.W.3d 689 (Tex. 2006).

Yet none of these cases found a Section 1983 claim facially invalid based on insufficient pleading of the *Monell* factors. Instead, in each case, the plaintiff failed to plead a cognizable deprivation of a federal constitutional right, which is necessary

for a Section 1983 claim. *See Hicks*, 81 F.4th at 503 n.14 (stating deprivation of constitutional right is necessary element of Section 1983 claim). On that basis, the appellate court concluded a plea to the jurisdiction either was properly granted or should have been granted. *See Atilano*, 2022 WL 189821, at *10 (trial court lacked jurisdiction in part because "the undisputed evidence affirmatively shows that the County did not violate [the plaintiff's] constitutional rights"); *Braun*, 625 S.W.3d at 631 (trial court lacked jurisdiction because plaintiff's Section 1983 claim for damages arising from state taxes was barred by principles of comity); *Tejas Motel*, 2020 WL 2988566, at *7 (trial court lacked jurisdiction because plaintiff had no vested property interest and therefore did not allege viable constitutional due process or takings claim); *Jackson*, 2017 WL 1425589, at *4 (trial court lacked jurisdiction over plaintiff's Section 1983 claim for free speech violation because plaintiff failed to plead sufficient facts showing her speech was protected under First Amendment); *Saucedo-Falls*, 268 S.W.3d at 662 (trial court lacked jurisdiction over plaintiffs' federal takings claim because plaintiffs failed to allege vested property right entitled to federal protection); *Gonzales*, 183 S.W.3d at 110 (trial court lacked jurisdiction over plaintiff's Section 1983 claim for free speech violation because plaintiff failed to plead facts showing her speech was protected under First Amendment and thus failed to assert deprivation of federally protected right); *Gomez*, 148 S.W.3d at 482 (trial court lacked jurisdiction in part because plaintiffs' alleged deprivation was

20

caused by private actor, not state actor, and thus plaintiffs failed to show state violation of federally protected right); *Robles*, 51 S.W.3d at 444 (trial court lacked jurisdiction because plaintiff failed to allege deprivation of federal right when she complained of municipality failing to enact or enforce ordinance that would have protected her from personal injury).[5]

Deary's claims, with one exception, differ from this line of cases because she has pleaded the deprivation of a constitutional right: she alleged a county officer violated her Fourth and Fourteenth Amendment rights by using excessive force when arresting her and by arresting her without probable cause. She sought to hold the County liable for this constitutional deprivation for negligently hiring, training, and supervising that officer. Thus, Deary pleaded a facially valid deprivation of her constitutional rights.

However, one of Deary's claims is, without dispute, not a cognizable claim under Section 1983. Deary alleged in her petition that Hines was acting within the scope of his employment when he arrested Deary so the County was therefore liable

---

[5] Both *Atilano v. Tom Green County* and *Gomez v. Housing Authority of El Paso* also considered whether the plaintiff had properly pleaded elements of a Section 1983 claim, including deliberate indifference and the *Monell* factors, in reviewing the trial court's ruling on a plea to the jurisdiction. *See Atilano*, 2022 WL 189821, at *8–10; *Gomez*, 148 S.W.3d at 478–81. Both also concluded the plaintiffs had not alleged a constitutional deprivation. We disagree with these opinions to the extent they consider the *Monell* factors as part of the jurisdictional inquiry. *See Ramirez*, 2022 WL 16557646, at *3 ("*Monell* is not jurisdictional.").

under the doctrine of respondeat superior. Deary did not clarify in her petition whether she was attempting to assert this claim under state or federal law, but construing her pleading liberally, *see Miranda*, 133 S.W.3d at 226, we presume it was both. We also note that respondeat superior is not a distinct cause of action but rather a theory for holding an employer liable for the negligent acts of its employee acting within the course and scope of his employment. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) (per curiam). Even Deary acknowledges on appeal that a municipality "cannot be held liable under [Section] 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691. To the extent she attempted to assert a federal Section 1983 respondeat superior claim, that claim must be dismissed because it is not a cognizable claim under Section 1983. *See Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

In sum, with the exception of her federal respondeat superior claim, Deary has alleged a facially valid deprivation of her constitutional rights. Although Harris County argued Deary did not sufficiently plead the *Monell* factors, the *Monell* factors are a defense to liability and do not affect the trial court's jurisdiction. Harris County raised no other arguments to show the trial court lacked jurisdiction. Therefore, the trial court did not err in denying Harris County's plea to the

jurisdiction. We must sustain Harris County's issues on appeal as to Deary's federal respondeat superior claim, but we overrule Harris County's issues on appeal as to Deary's remaining federal claims.

## CONCLUSION

We reverse the trial court's denial of Harris County's plea to the jurisdiction as to Deary's state tort claims and federal respondeat superior claim against the County and render judgment dismissing those claims. We affirm the trial court's denial of Harris County's plea to the jurisdiction as to Deary's remaining federal Section 1983 claims.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Countiss, and Farris.